IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GOLDBLATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-01183-DGK |
| | ) | |
| MINA HERRON et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER GRANTING MOTION TO DISMISS**

This case is almost identical to another before the Court, *Goldblatt v. Herron*, No. 4:09-CV-0748-DGK. Both cases arise from pro se Plaintiff Lawrence Goldblatt's unsuccessful attempt to refinance the mortgage on his home and avoid foreclosure. Pending before the Court are Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Millsap & Singer, LLC's Motion to Dismiss (doc. 18). Finding that the Complaint fails to make the requisite factual and legal allegations, the motion is GRANTED.

**Standard**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Because Plaintiff is proceeding pro se, his complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). That said, a pro se

complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

## Discussion

The caption preceding paragraph one of Plaintiff's Complaint seeks injunctive relief; Count I lists claims for negligence, misrepresentation, and Truth in Lending Act violations; and Count II alleges tortious interference with a contract. With respect to the claim for injunctive relief the Court holds it lacks the power to enjoin the state court foreclosure proceedings, thus the request for injunctive relief is dismissed. With respect to the claims raised in Counts I and II, the Court holds the Complaint fails to properly plead the elements for these causes of action, and so it fails to state a claim upon which relief can be granted.

**A.     The request for injunctive relief is dismissed under the *Rooker-Feldman* doctrine.**

As the Court has previously observed, Plaintiff's home has already been foreclosed on, a decision this Court lacks the power to overturn. *See*, *e.g.*, *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (holding the *Rooker-Feldman* doctrine bars an action which is inextricably intertwined with a state court's foreclosure judgment). Accordingly, the request for injunctive relief must be dismissed.

**B.     The Complaint fails to state a claim for negligence.**

To state a prima facie case for negligence a plaintiff must allege that (1) the defendant had a duty to protect plaintiff from injury; (2) defendant failed to perform the duty; and (3) plaintiff's injury was proximately caused by defendant's failure. *Smith v. Dewitt and Assoc., Inc.*, 279 S.W.3d 220, 224 (Mo. Ct. App. 2009). A duty arises where "there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Cupp v. Nat'l R.R. Passenger Corp.*, 138 S.W.3d 766, 772 (Mo. Ct. App. 2004). The scope of that duty is measured by "whether a reasonably prudent person would have anticipated danger and provided against it."

*Id.* Here the Complaint fails to plead or prove that any of the elements of a negligence action apply to Defendants, thus the Complaint fails to state a cause of action upon which relief can be granted.

**C.      The Complaint fails to state a claim for misrepresentation.**

Count I of the Complaint also alleges "misrepresentation." Missouri law recognizes two kinds of misrepresentation, fraudulent misrepresentation and negligent misrepresentation. Although the Complaint does not make clear which Plaintiff is alleging, Plaintiff has not made a viable claim under either theory. The elements of fraudulent misrepresentation are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W. 112, 131-32 (Mo. 2010). The elements of negligent misrepresentation are:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

Id. at 134. In this case the Complaint fails to plead any facts which, if true, would establish a claim for any kind of misrepresentation against either AHMSI or Millsap and Singer. The Complaint does not cite any email, letter, conversation, facsimile message, or other communication with the an agent or employee of the above Defendants that was either knowingly false or false because the speaker failed to exercise reasonable care, and that by

relying on the information Plaintiff was injured. Accordingly, Plaintiff has failed to state any claim for misrepresentation.

**D.     The Complaint fails to state a claim for a TILA violation.**

The Complaint also fails to state a claim for a violation of the Truth in Lending Act ("TILA"). "Congress enacted TILA in 1968 . . to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53-54 (2004) (quoting 15 U.S.C. § 1601(a)). TILA "requires a creditor to disclose information relating to such things as finance charges, annual percentage rates of interest, and borrowers' rights, and it prescribes civil liability for any creditor who fails to do so." *Koons Buick*, 543 U.S. 54. TILA applies to businesses and individuals when the following four criteria are met: (1) credit is offered or extended to consumers; (2) the offering or extension of credit is done regularly; (3) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (4) the credit is primarily for personal, family, or household purposes. 12 C.F.R. § 226.1.

To state a claim under TILA a plaintiff must show that he did not receive required written disclosures, or that the disclosures were not clear and conspicuous. *Nieskens v. Peter*, No. 09-2085 (DSD/SRN), 2010 WL 1626902, at *2 (D. Minn. April 21, 2010). In the present case while Plaintiff's loan appears to be covered by TILA, there is no allegation that the Defendants regularly engaged in the offering or extension of credit, or failed to timely disclose the terms and costs of Plaintiff's mortgage loan agreement. As a result, Plaintiff has failed to state a claim for a TILA violation.

**E.     The Complaint fails to state a claim for tortuous interference with a contract.**

A claim for tortuous interference with a contract or business expectancy requires proof of each of the following: "(1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct." *Envirotech, Inc. v. Thomas*, 259 S.W.3d 577, 590 (Mo. Ct. App. 2008). Here Plaintiff has failed to plead any of these elements, much less factual allegations supporting these elements. Consequently, Plaintiff has failed to state a claim for tortious interference with a contract.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (doc. 18) is GRANTED. Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATE: August 15, 2011                               /s/ Greg Kays
                                                                    GREG KAYS, JUDGE
                                                                    UNITED STATES DISTRICT COURT