# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LAWRENCE GOLDBLATT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-CV-01183-DGK |
| MINA HERRON et al., | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO VACATE FORECLOSURE

Pending before the Court is Plaintiff's "Motion to Vacate Defendant[s] Option One Mortgage Corporation, American Home Mortgage Servicing, Inc., and Millsap & Singer, LLC.'s 'Lack of Standing' December 1, 2010, Foreclosure and Sale of the Property N/K/A [4200 Mercier]" (doc. 25), and Defendants joint Motion to Strike Plaintiff's Motion to Vacate (doc. 27). Plaintiff's motion asks the Court to vacate the state court authorized foreclosure of his home that occurred on December 1, 2010. Defendants' motion asks the Court to strike Plaintiff's motion because Plaintiff's Complaint already asks the Court to declare the foreclosure of his home null and void.

Because this Court lacks the power to vacate a state court decision authorizing foreclosure, Plaintiff's motion is denied. *See*, *e.g.*, *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (holding that the *Rooker-Feldman* doctrine bars an action which is inextricably intertwined with a state court's foreclosure judgment). Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under what has come to be known as the *Rooker-Feldman* doctrine lower federal courts, such as federal district courts, lack subject matter jurisdiction over challenges to state court judgments. *Lance v.*

*Dennis*, 546 U.S. 459, 463 (2006). Federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The *Rooker-Feldman* doctrine recognizes this and forecloses not only straightforward appeals from state court decisions, "but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.* The doctrine prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).

In the present case Plaintiff is alleging that Defendants lacked standing to foreclose on his property, a claim that, if true, would obviously undermine the Missouri state court decision permitting foreclosure. Consequently, under the *Rooker-Feldman* doctrine, Plaintiff's motion must be DENIED.

Because the Court has ruled on the merits of Plaintiff's motion, Defendant's motion is DENIED AS MOOT.

**IT IS SO ORDERED.**

DATE: August 15, 2011               /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT